Hasan DURAKOVIĆ, Petitioner,

v.

Alberto R. GONZALES,* Respondent.

No. 03–40741–AG.

United States Court of Appeals, Second Circuit.

Dec. 12, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Aleksander Milch, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney, Edmond Chang, Assistant United States Attorney, Juliet S. Sorensen, Assistant United States Attorney, Carole J. Ryczek, Assistant United States Attorney, Chicago, Illinois, for Respondent.

Present: NEWMAN, RAGGI, and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Hasan Durakovic ("Durakovic") petitions for review of an order of the BIA affirming the decision of an immigration judge ("IJ") ordering his removal to Serbia–Montenegro and denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA essentially adopts the reasoning of the IJ, this Court's review is "confined to the reasoning of the IJ, and [the Court] will not search the record independently for a basis to affirm the BIA." *Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir. 2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ properly denied relief based on substantial evidence of changed conditions. The IJ, citing evidence in the record, concluded that, even were Durakovic to be conscripted into the army, the current Montenegran army is different from the Serbian army in which Durakovic previously served. The IJ also properly noted that Durakovic's claim of future persecution was undercut by the experience of his brother who has remained in Serbia–Montenegro unmolested despite an actual escape from military service. *See In re A–E–M*, Interim Decision 3338 (BIA 1998). The IJ's decision that Durakovic failed to establish eligibility for political asylum due to his activity with the Democratic League

of Albania was also supported by substantial evidence.

For these reasons, the petition for review is DENIED, and the decision of the BIA is AFFIRMED.